Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey 07070
Telephone: (201)507-6300
Fax: (201)507-6311
*Attorney for Garfum.com Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GARFUM.COM CORPORATION**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**GOLOZO, LLC D/B/A VIEWBUG.COM**<br><br>    **Defendant.** | **CIVIL ACTION NO.**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT**

Plaintiff Garfum.com Corporation ("Plaintiff" or "Garfum"), by and through its undersigned counsel, files this Complaint against Defendant Golozo, LLC d/b/a ViewBug.com ("Defendant" or "ViewBug") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 8,209,618 entitled "Method of Sharing Multi-Media Content Among Users in a Global Computer Network" (the "'618 patent"; a copy of which is attached hereto as Exhibit A). Garfum is the owner by assignment of the '618 patent. Garfum seeks injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff Garfum.com Corporation is a corporation organized under the laws of the

State of New Jersey. Plaintiff maintains its principal place of business at 22 South Hope Chapel Rd, Jackson, NJ, 08527.

3. Upon information and belief, Defendant Golozo, LLC d/b/a ViewBug.com is a business organized and existing under the laws of the State of California, with its principal place of business located at 4602 Cass St #210, San Diego, CA 92109. ViewBug conducts business in the State of New Jersey and its Registered Agent for service of process is Ori Guttin, 4602 Cass St #210, San Diego, CA 92109.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of New Jersey. Defendant has purposefully availed itself of the privileges of conducting business in the State of New Jersey. Defendant has sought protection and benefit from the laws of the State of New Jersey. Defendant regularly conducts business within the State of New Jersey; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New Jersey.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, and the State of New Jersey, including but not limited to the Accused Instrumentalities as detailed below. Defendant solicits customers in the State of New Jersey. Defendant has customers who are residents of the State of New Jersey and who use the Defendant's products and services in the State of New Jersey. Defendant derives substantial revenue from goods and

services provided to individuals in New Jersey.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district and the State of New Jersey.

### COUNT I– INFRINGEMENT OF U.S. PATENT 8,209,618

8.     Garfum refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9.     The '618 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 2012, after full and fair examination.  The '618 patent is in full force and effect.  Plaintiff is the owner by assignment of the '618 patent and possesses all rights of recovery under the '618 patent, including the exclusive right to sue for infringement and recover past damages.

10.    Defendant owns, operates, advertises, controls, sells, and otherwise provides systems and methods that infringe the '618 patent.  The '618 patent provides, among other things, a "method for sharing multi-media content among a plurality of users in a computer network consisting essentially of: (1) creating a plurality of user accounts, each of the user accounts corresponding to one of the plurality of users, and having a plurality of interactive features including a first feature that permits the user to upload the multi-media content to the computer network; (2) forming a user network including one or more of the plurality of user accounts in communication with one or more other user accounts and to the uploaded multi-media content via the computer network; (3) categorizing the uploaded multi-media content in accordance with the subject matter of the uploaded multi-media content; (4) organizing the uploaded multi-media content in a competitive format; and (5) establishing a hierarchy for the uploaded multi-media

content within the competitive format by implementing a competitive measurement system; (6) wherein the competitive measurement system consists of: (7) enabling each user to designate a single point to one of a plurality of multi-media content for each one of a plurality of competitive rounds; and (8) ranking a position in the hierarchy for the uploaded multi-media content based on a summation of points.

11. Defendant directly or through intermediaries made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for sharing multi-media content among users in a global computer network that infringed one or more claims of the '618 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and sells their product or service located at www.viewbug.com ("Accused Instrumentality") which directly infringes the '618 patent.

12. Defendant is willfully and intentionally infringing the '618 patent from at least the date of the filing of this lawsuit.

13. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's infringement of Plaintiff's exclusive rights under the '618 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims of the '618 patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, and parents from infringement of the '618 patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

D. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: September 22, 2014                    Respectfully submitted,


By: */s/ Lawrence C. Hersh*
Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey 07070
Telephone: (201)507-6300
Fax: (201)507-6311



OF COUNSEL
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Brandon LaPray
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF**
**GARFUM.COM CORPORATION**